THE FIRST NATIONAL BANK OF WATERLOO, Respondent,
     v. THE EXCHANGE NATIONAL BANK OF SENECA FALLS
     et al., Appellants.

**Pledge — application of dividends declared on pledged stocks.**

Where the pledgor of stock as collateral security for payment of an
indebtedness has defaulted in its payment, it is the right and duty
of the pledgee of the stock to collect the dividends declared thereon
and apply them towards the reduction of the indebtedness for which
the stock is held as security. If, at the time of a sale, a dividend
has been declared on the stock which has not become payable, then,
as to that dividend, the purchaser of the stock would take it.

   *First Nat. Bank of Waterloo* v. *Exchange Nat. Bank of Seneca Falls*,
179 App. Div. 22, modified.

   (Argued April 15, 1919; decided April 29, 1919.)

APPEAL from a judgment of the Appellate Division
of the Supreme Court in the fourth judicial department,
entered March 13, 1917, affirming a judgment in favor of
plaintiff entered upon a decision of the court on trial
at Special Term. This action is brought to foreclose a
lien claimed to be held by plaintiff on 461 shares of the
capital stock of the Waterloo Wagon Company, Limited,
and 253 shares of the capital stock of the First National
Bank of Waterloo, all of which stocks are and have been
since February 20, 1899, in the possession of defendant
Exchange National Bank of Seneca Falls as collateral
security for the payment of any indebtedness owing to
said bank by the Waterloo Wagon Company, Limited,
or Francis Bacon. The plaintiff's lien exists by virtue
of a written agreement made February 15, 1902, between
the First National Bank of Waterloo and Francis Bacon,
by which Bacon, the then owner of said stocks, transferred
to the First National Bank of Waterloo all of said stocks
" as a continuing collateral security for the payment to
it of any indebtedness or liability of any kind, absolute
or contingent, now existing or that may hereafter exist,
arise, accrue or be contracted on the part of the Waterloo
Wagon Company, Limited, or himself, to said bank,
and said shares of stock upon their surrender by the
Exchange National Bank shall be deposited with the said
First National Bank of Waterloo."

*Herman A. Carmer* and *George E. Zartman* for appellants.
*W. Smith O'Brien* for respondent.

*Per Curiam.* Several of the questions sought to be raised by the appellants are conclusively settled by the unanimous affirmance by the Appellate Division of the judgment of the Special Term. A careful consideration of the other questions argued fails to disclose any substantial error which would justify the reversal of the judgment. There is, however, one error in the form of the judgment which necessitates a modification of it.

It appears that from October 1st, 1908, to April 1st, 1915, the First National Bank of Waterloo has declared on the stock pledged to it fourteen dividends of $2\frac{1}{2}\%$ each, making a total of $4,427.50, and in the thirteenth subdivision of the judgment it is provided that the purchaser or purchasers of such stock upon the sale directed to be made shall be entitled to all the dividends which have been declared upon said stocks or any of them and which remain unpaid, together with any dividends which may be declared and remain unpaid prior to such sale. This is contrary to the general rule. It is well settled that under circumstances similar to those here established, it is the right and duty of the pledgee of stock to collect the dividends declared thereon and apply them towards reduction of the indebtedness for which the stock is held as security. This rule was reiterated recently by this court. (See *Brightson* v. *Claflin,* 225 N. Y. 469, and authorities there cited.) The dividends declared upon the stock of the plaintiff remain in its possession and are not subject of a sale, but should be applied, prior to the sale, in reduction of the indebtedness found due. If at the time of the sale a dividend has been declared on the stock which has not become payable, then as to that dividend the purchaser of the stock would take it.

The judgment should, therefore, be modified by striking out the thirteenth subdivision and inserting in place thereof the following: That the plaintiff, prior to the sale of the stocks ordered to be sold, apply on the amount found

due it all dividends which have been declared on said stocks or any of them and which are due and remain unpaid at the date of sale, together with the interest on such dividends from the entry of judgment on the remittitur of this court to said sale, and the purchaser of the certificates of stock issued by the First National Bank of Waterloo is required to surrender said certificates to the plaintiff and have issued in the place thereof certificates representing one hundred and twenty-six and one-half shares of the present capital stock of the plaintiff; and the judgment, as thus modified, should be affirmed, with costs.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN, MCLAUGHLIN and CRANE, JJ., concur.

Judgment accordingly.