## In the Matter of the Estate of FREDERICK B. BREWER, Deceased.

Surrogate's Court, Oneida County, October 15, 1931.

*David B. Lisle*, for the estate of Frederick B. Brewer, deceased.

*Walter W. Wilcox*, for the Madison County Trust Company.

EVANS, S.   This is a proceeding for a judicial settlement of this estate.   The assets are insufficient to pay the debts.

The sole controversy concerning the account of the administrators centers on the question of ownership of stock dividends amounting to $187.50.

On February 18, 1927, the decedent borrowed of the Madison County Trust and Deposit Company the sum of $4,500, for which he executed and delivered to it a demand promissory note together with fifty shares of stock of the Utica National Bank and Trust Company as collateral security.   The note contained considerable printed matter on a form commonly used by banks and defined in detail the rights and obligations of the parties with reference to the pledged stock.

The decedent died on January 1, 1931.

No part of the principal of the note had been paid, but interest

was paid by the administrators to January 27, 1931, and nothing paid thereafter.

In the summer of 1930 the Utica National Bank and Trust Company merged with the Citizens Trust Company of Utica, N. Y.

The shares of stock in question were exchanged for fifty shares of the stock of the Citizens Trust Company but about a year elapsed since the merger before the transfer was made.

In the meantime dividends had been declared but not collected on the new stock amounting to $187.50.

The Madison County Trust and Deposit Company claims ownership of the dividends and the administrators contend that this amount should be paid to general creditors.

The stock was sold by the Madison County Trust and Deposit Company for a sum that leaves a deficit on the note of $2,635. By agreement of the parties interested the sum of $187.50 was paid to the administrators and by them held as trustees pending a determination of ownership.

The point at issue, I think, is covered by that printed portion of the note that provides " the property hereby pledged or hereafter pledged in addition thereto or in substitution or in part therefor as collateral security for this indebtedness and the avails thereof are to be held by said company," etc. The intent of the parties seems to have been that the pledgee should collect and apply dividends to a reduction of the debt.

While the promissory note remained unpaid the right of sale and collection of dividends on the shares of stock was vested in the trust company. The fact that the pledgee was dilatory in making the exchange of the stock and neglected the collection of dividends, I think is immaterial. The death of the decedent could not alter the scope of his obligations. To the extent of the selling value of the stock and its earnings represented by dividends, the Madison County Trust and Deposit Company was a preferred creditor. There was no waiver of this right and the status of general creditors was not changed. The rights of a mortgagee of real property are not impaired by his failure to collect interest or to foreclose his mortgage if such rights are not outlawed. This view, I think, is sustained by cases that are similar to this. (*First National Bank of Waterloo* v. *Exchange Bank of Seneca Falls*, 226 N. Y. 633; *Hopper* v. *Sage*, 112 id. 530; *Matter of Kernochan*, 104 id. 618; *Brightson* v. *Claflin*, 225 id. 459.)

It follows that the administrators are directed to pay the dividends in question to the Madison County Trust and Deposit Company.

Decreed accordingly.