In the Matter of the Estate of MARY L. MACKENZIE, Deceased.

Surrogate's Court, Nassau County, July 11, 1962.

*John T. Brown* for petitioner. *Schulz & Fay (Gabriel V. Fay* of counsel), for Henry M. Potter, objectant. *Bertram Harnett, County Attorney (Morris H. Schneider* of counsel), for Board of Public Welfare, claimant.

JOHN D. BENNETT, S. By decision dated May 7, 1962, this court ruled on the objections of Henry M. Potter to the account of the executrix. The parties have stipulated that reargument be had by submission of memoranda with respect to whether said objectant is entitled to the dividends on the Mackenzie & Company Limited stock held by him as security for repayment of money loaned by him to the decedent, and an order permitting such reargument was signed by this court.

The objectant, and the Department of Public Welfare of the County of Nassau, appearing as a creditor, have submitted

memoranda. Upon such reargument this court renders this decision.

The objectant, Henry M. Potter, has cited authority for the rule of law that, where there is a pledge of stock as security for repayment of an indebtedness, the pledgee is entitled to receive the dividends and to apply them toward reducing the amount of the indebtedness (*Brightson* v. *Claflin*, 225 N. Y. 469; *First Nat. Bank of Waterloo* v. *Exchange Nat. Bank of Seneca Falls*, 226 N. Y. 633). In neither of these cases was there any agreement between the parties which would alter the general rule, and in both cases the stock was sold to pay the underlying debts. In *Matter of Brewer* (141 Misc. 563), certain stock was pledged as security for a demand promissory note which, by its own terms, stated that the stock " and the avails thereof are to be held by said company " etc. In that case the court logically held that the intent of the parties was demonstrated to be that the pledgee receive the dividends toward a reduction of the debt.

The case at bar is distinguished from the cases cited by the objectant, Potter, in that the parties entered into an agreement, introduced in evidence by the objectant, which specifically provides as follows: " SECOND: The first party agrees that he will make no demand of any kind or nature whatsoever for the payment of said note and/or the interest thereon until after the death of the second party; and further warrants and agrees that any and all dividends received or paid on the above mentioned shares, held by him as collateral security shall, during her lifetime, be the sole and absolute property of the second party, and shall be continued to be paid to her directly during her lifetime as heretofore. Any dividends paid after the death of the second party and while the first party holds said shares as collateral shall be retained by or delivered to the first party and applied by him to the reduction of the above obligation then due."

The court finds this language to be clear and unambiguous, and to evince the intent of the parties that dividends on the Mackenzie & Company Limited stock belonged to decedent during her lifetime, and dividends, if any, paid after her death and while said stock was held as collateral by the objectant, are to be credited toward a reduction of the debt.

The decision of this court dated May 7, 1962, is therefore after reargument, reaffirmed as the decision of this court together with this decision.